UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26-cv-20573

DAVID GORDON OPPENHEIMER,

        Plaintiff,

v.

USA LENDING & REALTY, INC., ADAR INVESTMENTS & MANAGEMENT LLC, and 2618 COLLINS CAPITAL HOLDINGS LLC,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND 17 USC § 1202 VIOLATIONS**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants USA LENDING & REALTY, INC., ADAR INVESTMENTS & MANAGEMENT LLC, and 2618 COLLINS CAPITAL HOLDINGS LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Oppenheimer's original copyright-protected Works after removal of his copyright management information ("CMI").

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his works in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with

over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works have been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and on display at the Museum of the City of New York.

3. Defendant USA LENDING & REALTY, INC. ("USA Lending and Realty") is a full-service real estate firm with more than 25 years of experience serving the South Florida market. At all times relevant herein, USA Lending and Realty was the listing agent for the property located at 1080 93rd Street, Bay Harbor Islands, Florida (the "Property").

4. Defendant ADAR INVESTMENTS & MANAGEMENT, LLC ("ADAR Group") is a privately held real estate investment and property management firm based in Sunny Isles Beach, Florida. On information and belief, ADAR Group created the marketing materials for the Property, which included Oppenheimer's Works.

5. Defendant 2618 COLLINS CAPITAL HOLDINGS LLC ("2618 Collins Capital Holdings") is a Florida-registered limited liability company based in Sunny Isles Beach, Florida.

6. Defendants USA Lending and Realty, ADAR Group, and 2618 Collins Capital Holdings are collectively referred to herein as "Defendants."

7. Oppenheimer alleges that Defendants copied Oppenheimer's copyright-protected Works from the internet to advertise, market, and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' businesses.

**JURISDICTION AND VENUE**

8. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in Florida.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12. USA Lending & Realty, Inc. is a Florida Corporation, with its principal place of business at 132 Southwest 9th Street, Miami, FL 33130, and can be served by serving its Registered Agent, Zeina Farah, at the same address.

13. Adar Investments & Management LLC is a Florida Limited Liability Company, with its principal place of business at 17070 Collins Ave, Suite 250, Sunny Isles, FL, 33160, and can be served by serving its Registered Agent, Eliyahu Dadon, at the same address.

14. 2618 Collins Capital Holdings, LLC is a Florida Limited Liability Company, with its principal place of business at 17070 Collins Ave, Suite 256, Sunny Isles, FL, 33160, and can be served by serving its Registered Agent, Richard Waserstein, at 1124 Kane Concourse, Bay Harbor Islands, FL 33154.

## THE COPYRIGHT-PROTECTED WORKS AT ISSUE

15. In 2019, Oppenheimer created the aerial photographs entitled "Miami_Beach_Florida_aerial_312.jpg" (the "Miami Beach Work") and "M4a_DSC9407.jpg" (the "Bay Harbor Islands Work") which are shown below and referred to collectively herein as the "Works" and each individually as a "Work."



**Miami_Beach_Florida_aerial_312.jpg (the "Miami Beach Work")**

**Miami Beach skyline aerial view of beach and hotels - Copyright 2019 David Oppenheimer - Performance Impressions aerial photography archives - www.performanceimpressions.com**



**M4a_DSC9407.jpg (the "Bay Harbor Islands Work")**

**Bay Harbor Islands, Florida skyline aerial view - Copyright 2019 David Oppenheimer - Performance Impressions aerial photography archives - www.performanceimpressions.com**

16. Prior to publication of the Works, Oppenheimer applied CMI to each Work, including a visible watermark reading "© 2019 David Oppenheimer," with an adjacent caption where the Works were published that included an additional copyright notice and the trade name "Performance Impressions," and embedded metadata containing copyright notices, licensing instructions, and contact information. The additional CMI for each Work is shown beneath the Works' respective titles, above.

17. Oppenheimer registered the Bay Harbor Islands Work with the Register of Copyrights on April 15, 2019 as part of a group registration. The Group Registration was assigned registration number VAu 1-350-595. The Certificate of Registration is attached hereto as **Exhibit 1**.

18. At all relevant times Oppenheimer was the owner of the Works.

## UNAUTHORIZED ACTIONS BY DEFENDANTS

19. Defendants have never been licensed to use the Works for any purpose.

20. On a date after the Works were created, but prior to the filing of this action, Defendants copied each of the Works.

21. On or about January 28, 2023, Oppenheimer discovered the unauthorized use of his Miami Beach Work by Defendants. On or about August 29, 2025, Oppenheimer discovered the unauthorized use of his Bay Harbor Islands Work by Defendants.

22. Defendants copied Oppenheimer's Works without Oppenheimer's permission.

23. After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their real estate businesses.

24. Defendants copied and distributed Oppenheimer's copyright-protected Works in connection with Defendants' businesses for purposes of advertising and promoting Defendants' businesses, and in the course and scope of advertising and selling products and services.

25. Defendants copied, distributed, and displayed the Works as evidenced by the documents attached hereto as **Exhibit 2**.

26. Oppenheimer never gave Defendants permission or authority to copy, distribute or display either of the Works for any purpose.

27. When ADAR Group copied and displayed the Works, it cropped each Work so as to remove Oppenheimer's CMI from each Work.

28. Oppenheimer never gave ADAR Group permission or authority to remove CMI from the Works.

29. When ADAR Group copied and displayed the Works, it added its own CMI to each of the Works in the form of its logo.

30. Oppenheimer never gave ADAR Group permission or authority to add its own CMI to the Works.

31. Oppenheimer notified Defendants of the allegations set forth herein on June 17, 2025 and July 7, 2025.  To date, the parties have failed to resolve this matter.

## COUNT I
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
## FROM THE MIAMI BEACH WORK AGAINST ADAR GROUP

32. Oppenheimer incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. The Miami Beach Work at issue in this case contained Oppenheimer's CMI when originally published by him.

34. ADAR Group knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Miami Beach Work in violation of 17 U.S.C. § 1202(b). An example of the Miami Beach Work is shown below with an illustrative yellow line added where it was cropped:



35. By sending the edited copies of the Miami Beach Work to third parties for the advertising and promoting of the property for sale, ADAR Group distributed copies of it knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

36. ADAR Group committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Miami Beach Work, which is protected under the Copyright Act.

37. ADAR Group caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal

infringement of Oppenheimer's rights in the Miami Beach Work, which is protected under the Copyright Act.

38. Oppenheimer has been damaged.

39. The harm caused to Oppenheimer has been irreparable.

**COUNT II**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**
**TO THE MIAMI BEACH WORK AGAINST ADAR GROUP**

40. Oppenheimer incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Miami Beach Work contains false CMI.

42. ADAR Group knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to the Miami Beach Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing its logo onto the Miami Beach Work, as shown in part below:



43. By sending the edited copies of the Miami Beach Work for the advertising and promoting of the property for sale, ADAR Group distributed copies of the Miami Beach Work to third parties which included false CMI conveyed in connection with the Miami Beach Work.

44. ADAR Group committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Miami Beach Work.

45. Oppenheimer has been damaged.

46. The harm caused to Oppenheimer has been irreparable.

## COUNT III
## COPYRIGHT INFRINGEMENT OF
## THE BAY HARBOR ISLANDS WORK AGAINST ALL DEFENDANTS

47. Oppenheimer incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

48. Oppenheimer owns a valid copyright in the Bay Harbor Islands Work.

49. Oppenheimer registered the Bay Harbor Islands Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

50. Defendants copied, displayed, and distributed the Bay Harbor Islands Work and made derivatives of it without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

51. Defendants performed the acts alleged in the course and scope of their business activities.

52. Defendants' acts were willful.

53. Oppenheimer has been damaged.

54. Upon information and belief, Defendants have benefitted from their infringement and related actions, while Oppenheimer has suffered and will continue to suffer harm including but not limited to (i) monetary damages such as lost licensing income, diminished licensing value, and Defendant's profits attributable to the infringement, and (ii) irreparable injury to Oppenheimer's business, reputation, and professional goodwill, including dilution of the Bay Harbor Islands Work's market value and loss of exclusivity. The harm caused to Oppenheimer has been irreparable.

## COUNT IV
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM THE BAY HARBOR ISLANDS WORK AGAINST ADAR GROUP

55. Oppenheimer incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

56. The Bay Harbor Islands Work at issue in this case contains Oppenheimer's CMI as originally published.

57. ADAR Group knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Bay Harbor Islands Work in violation of 17 U.S.C. § 1202(b). An example of the Bay Harbor Islands Work is shown below with an illustrative yellow line added where it was cropped:



58. By sending the edited copies of the Bay Harbor Islands Work to third parties for the advertising and promoting of the property for sale, ADAR Group distributed copies of it knowing that copyright management information had been removed or altered without authority of the copyright owner or the law.

59. ADAR Group committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Bay Harbor Islands Work, which is protected under the Copyright Act.

60. ADAR Group caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Bay Harbor Islands Work, which is protected under the Copyright Act.

61. Oppenheimer has been damaged.

62. The harm caused to Oppenheimer has been irreparable.

**COUNT V**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION TO THE BAY HARBOR ISLANDS WORK AGAINST ADAR GROUP**

63. Oppenheimer incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

64. The Bay Harbor Islands Work contains false CMI.

65. ADAR Group knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to the Bay Harbor Islands Work at issue in this action in violation of 17 U.S.C. § 1202(a) by placing its logo onto the Bay Harbor Islands Work, as shown in part below:



66. ADAR Group distributed copies of the Bay Harbor Islands Work to third parties which included false CMI conveyed in connection with the Bay Harbor Islands Work.

67. ADAR Group committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Bay Harbor Islands Work.

68. After applying the false CMI to the Bay Harbor Islands Work, ADAR Group distributed the Bay Harbor Islands Work in violation of 17 U.S.C. § 1202(a)(2).

69. Oppenheimer has been damaged.

70. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against Defendants USA LENDING & REALTY, INC., ADAR INVESTMENTS & MANAGEMENT LLC, and 2618 COLLINS CAPITAL HOLDINGS LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Oppenheimer his actual damages and Defendants' profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: January 28, 2026

Respectfully submitted,

*/s/ George N. Colville*
GEORGE N. COLVILLE
Florida Bar Number: 1060046
george.colville@sriplaw.com
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, Florida 33433
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*